IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ANDREW PRITT                                                                                    PLAINTIFF

V.                                    CASE NO. 5:16-CV-05329

WASHINGTON COUNTY, ARKANSAS;
et al.                                                                                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Currently before the Court is a Motion for Partial Judgment on the Pleadings (Doc. 20) filed by Defendant Greg Lingar. The Motion and an accompanying Brief in Support (Doc. 21) were filed on November 28, 2016, and Plaintiff Andrew Pritt has not filed any response to date. The Court held a Case Management Hearing on January 5, 2017, during which counsel for Pritt stipulated that the Motion was appropriate on all grounds except as to Pritt's negligence claim against Lingar. The Court, accordingly, granted the Motion from the bench except as to that claim. Turning to that claim, the Court found that the Complaint failed to state a claim against Lingar under the *Twombly / Iqbal* pleading standard, but instead of dismissing the claim, the Court gave Pritt two weeks to amend the Complaint. To the extent that anything in the Court's pronouncement from the bench differs with this Order, this Order controls. For the reasons discussed below, Defendant Greg Lingar's Motion for Partial Judgment on the Pleadings (Doc. 20) is **GRANTED**, except as to Pritt's negligence claim against Lingar.

### I. BACKGROUND

The following facts are recited in the light most favorable to Pritt, the non-moving party. On September 4, 2015, Pritt was travelling from his home in North Little Rock,

1

Arkansas to Eureka Springs, Arkansas. On the way, he stopped at a Dollar General Store just outside of Fayetteville, Arkansas. Outside of the store, Lingar, an Arkansas State Trooper, asked to see Pritt's driver's license, and he complied. During a subsequent conversation, Lingar informed Pritt that there was a 2002 arrest warrant out of Washington D.C. for an Andrew C. Pritt. Pritt denied that he was the Andrew C. Pritt in question, and asked Lingar whether there was any additional identifying information—such as a picture or a social security number—accompanying the warrant. Rather than further researching whether Pritt was the Andrew C. Pritt named in the warrant, Lingar brought Pritt to the Washington County Detention Center, where he remained in custody for the next eighteen days. Throughout this time, Pritt maintained that he was not the Andrew C. Pritt referenced by the warrant, pled with his jailers to investigate the matter, sought legal assistance, and requested to be taken before a judge. On the fifth day of his confinement, he was brought before a judge for an apparent extradition hearing. Thirteen days later, he was brought before the Hon. Erin L. Setser, U.S. Magistrate Judge for the Western District of Arkansas, for an initial appearance, and Judge Setser ordered his immediate release.[1]

Pritt filed his Complaint (Doc. 1) in the Eastern District of Arkansas on August 31, 2016. The Complaint names the following Defendants: Washington County, Arkansas; Stephen Weir, as an Officer of Washington County Sheriff's Department, and in his individual capacity; Christopher Smith, as an Officer of Washington County Sheriff's Department, and in his individual capacity; Tim Helder, as the Sheriff of Washington

---

[1] The Complaint states that the transcript from the hearing is "attached hereto as 'Exhibit A'," and the Complaint later references an Exhibit B, but the Complaint contains no attachments. See Doc. 1, ¶¶ 33, 51.

County, and in his individual capacity; Greg Lingar, as an Officer with the Arkansas State Police, and in his individual capacity; and John Does 1-3. It asserts claims under 42 U.S.C. § 1983 for violations of the Fourth Amendment and of the Due Process Clause of the Fourteenth Amendment, as well as state tort claims for false imprisonment and negligence.

Defendants Helder, Smith, Weir, and Washington County filed an Answer (Doc. 3) on September 30, 2016, generally denying the claims against them. On October 25, 2016, Lingar filed a Motion to Dismiss for Failure to State a Claim and Improper Venue (Doc. 11). After Pritt filed a Response (Doc. 13), the Eastern District of Arkansas Court[2] granted in part and denied in part Lingar's Motion. *See* Doc. 15. It denied without prejudice or analysis his request for dismissal, but granted his motion to transfer venue, finding this Court to be the appropriate venue to litigate the case. This Court then received the case on November 15, 2016.

On November 18, 2016, Lingar filed an Answer (Doc. 18) to Pritt's Complaint, generally denying the claims against him. Then, on November 28, 2016, Lingar filed the instant Motion for Partial Judgment on the Pleadings, to which Pritt has declined to respond. That Motion is now ripe for adjudication.

## II. LEGAL STANDARD

As an initial matter, the distinction between a motion for judgment on the pleadings brought under Fed. R. Civ. P. 12(c) and a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6) "is purely formal, because we review [a] 12(c) motion under the standard that governs 12(b)(6) motions." *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir.

---

[2] The Hon. Billy Roy Wilson.

3

1990). To survive Lingar's Motion for Partial Judgment on the Pleadings, Pritt's Complaint must present "a short and plain statement of the claim that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The intention of this is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In evaluating the sufficiency of the Complaint, the Court assumes that "all factual allegations in the pleadings are true and interpret[s] them in the light most favorable to the nonmoving party." *Bell v. Pfizer, Inc.*, 716 F.3d 1087, 1091 (8th Cir. 2013) (internal quotation omitted).

Even so, the Amended Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). In short, "the pleading standard that Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555).

### III. DISCUSSION

Lingar's Motion asks the Court for judgment on the pleadings as to three sets of Pritt's claims. First, he argues that Pritt's § 1983 claims for damages against him in his official capacity should be dismissed because state employees acting in their official

capacities are not subject to damages suits under § 1983, and also because sovereign immunity prohibits such claims. Second, he asks the Court to dismiss Pritt's request for injunctive relief because Pritt lacks standing to bring the claim; the claim cannot be brought against him in his individual capacity, as it pertains only to official conduct; and sovereign immunity bars the claim. Third, Lingar contends that Counts Two and Three of the Complaint—alleging violations of the Fourteenth Amendment, false imprisonment, and negligence—fail to state a claim against him, as they only pertain to Washington County and its employees. If Lingar's positions are correct, only Pritt's Fourth Amendment claim against Lingar in his individual capacity, and associated request for damages, would remain pending against him.

Respecting Lingar's first contention, the Court initially notes that the last paragraph of Pritt's Complaint states that he is seeking "compensatory and punitive damages under 42 U.S.C. § 1983 *against Defendants who are sued in their individual capacity.*" (Doc. 1, p. 19 (emphasis added)). To the extent that the Complaint does assert a claim against Lingar in his official capacity, however, that claim is dismissed. 42 U.S.C. § 1983 provides in relevant part:

> Every *person* who, under color of [law] . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

(emphasis added). The Supreme Court took up the question of whether a state employee sued in his official capacity for damages[3] constitutes a "person" for purposes of § 1983 in

---

[3] Unlike § 1983 suits against state employees in their official capacities *for damages*, official capacity § 1983 suits *for prospective relief*—in this case, an injunction—are

5

*Will v. Michigan Department of State Police*, 491 U.S. 58 (1989). After first concluding that states were not persons for purposes of the statute, the Court remarked that "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Id.* at 71. Therefore, a suit against a state employee in his official capacity "is no different from a suit against the State itself." State employees sued in their official capacity for damages, then, are not "persons" under § 1983, and such claims against Lingar (assuming Pritt intended to bring them) must be dismissed. *Id.*; *see also Murphy v. State of Ark.*, 127 F.3d 750, 754 (8th Cir. 1997) (holding that § 1983 claims against state employees acting in their official capacities are barred "either by the Eleventh Amendment or because in these capacities they are not 'persons' for § 1983 purposes").[4]

Next, Pritt's claim for equitable relief against Lingar must also be dismissed because Pritt lacks standing to bring the claim. "It goes without saying that those who seek to invoke the jurisdiction of the federal courts must satisfy the threshold [standing] requirement imposed by Article III of the Constitution by alleging an actual case or controversy." *City of L.A. v. Lyons*, 461 U.S. 95, 101 (1983). To establish standing, a plaintiff "must demonstrate that she has suffered an injury in fact, that her injury was

---

permitted by § 1983 and the Eleventh Amendment. *E.g.*, *Murphy v. State of Ark.*, 127 F.3d 750, 754 (8th Cir. 1997) ("State officials acting in their official capacities are § 1983 'persons' when sued for prospective relief, and the Eleventh Amendment does not bar such relief.")

[4] Though the Court need not reach Lingar's additional argument that the Eleventh Amendment prohibits Pritt's official capacity damages claims, the argument is plainly correct. *E.g.*, *Jones v. Meinzer*, 2013 WL 6244224, at *3 (E.D. Ark. Dec. 3, 2013) (remarking that "the Eleventh Amendment has been construed to . . . prohibit § 1983 suits seeking monetary damages from a state official in his or her official capacity"); *Murphy*, 127 F.3d at 754.

caused by the conduct of the [defendant], and that her injury is likely to be redressed by a favorable ruling from a federal court." *Park v. Forest Serv. of U.S.*, 205 F.3d 1034, 1037 (8th Cir. 2000) (citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61 (1992)). "Abstract injury is not enough. . . . [T]he injury or threat of injury must be both 'real and immediate,' not 'conjectural' or 'hypothetical.'" *Lyons*, 461 U.S. at 101-02.

Pritt is essentially requesting an injunction to prevent Lingar from subjecting him to an unconstitutional arrest in the future. In *Lyons*, the Supreme Court was presented with materially similar facts and found that the plaintiff lacked standing to seek injunctive relief. There, Lyons had been involved in a traffic stop during which he was choked by the police. In addition to damages, he sought an injunction preventing the City of Los Angeles from allowing its police officers to use choke holds against him in the future. The Court reasoned that Lyons' past encounter with the police did "nothing to establish a real and immediate threat that he would again be stopped for a traffic violation, or for any other offense, by an officer or officers who would illegally choke him into unconsciousness without any provocation or resistance on his part." *Id.* at 105. In other words, Lyon's past injury—at least without more—was not indicative of a "real and immediate" threat of future injury. *See Park*, 205 U.S. at 1037 (holding that the mere fact that a plaintiff was subject to an unconstitutional checkpoint in the past did not confer standing upon her to seek injunctive relief). The same is true in Pritt's case. Pritt has only alleged that his past encounter with Lingar resulted in an unconstitutional arrest, in violation of the Fourth Amendment. His Complaint does not at all allege that there is *any* threat—let alone a real and immediate one—that Lingar will again unconstitutionally arrest him in the future. Pritt therefore lacks standing to bring a claim for injunctive relief against Lingar, and that claim

7

is dismissed. Having dismissed the claim for lack of standing, the Court need not reach Lingar's additional arguments respecting Pritt's request for injunctive relief

Finally, Lingar's contention that Counts Two and Three of the Complaint fail to state a claim against him is meritorious. To satisfy "the liberal pleading requirements of Federal Rule of Civil Procedure 8(a)," *In re Acceptance Ins. Co's Sec. Litig.*, 423 F.3d 899, 903 (8th Cir. 2005), a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (quoting *Twombly*, 550 U.S. at 555). Counts Two and Three of the Complaint set forth a factual narrative that begins with Pritt's booking at the Washington County Detention Center, and focuses on conduct that occurred after that point. *Id.* ¶¶ 53-69. Though each count does incorporate previous paragraphs by reference, and Count Two once references "The Defendants" in general, *id.* at ¶ 56, the Court does not believe this to be sufficient to place Lingar on notice that those counts pertain to him. As to Count Two and the false imprisonment claim in Count Three, Lingar's Motion is granted and those claims are dismissed. As to the negligence claim in Count Three, the Court will defer ruling until and unless more than fourteen days have passed and Pritt has not filed an amended complaint correcting his pleading deficiency.

## IV. CONCLUSION

For the reasons stated above, Defendant Greg Lingar's Motion for Partial Judgment on the Pleadings (Doc. 20) is **GRANTED**, except as to Pritt's negligence claim against Lingar. Count One, as against Greg Lingar in his official capacity, is **DISMISSED**. Count One, as against Lingar in his individual capacity, remains active. Count Two, as against Greg Lingar, is **DISMISSED**. Count Three's claim for false imprisonment, as

against Greg Lingar, is **DISMISSED**. The Court **DEFERS RULING** on Count Three's negligence claim against Greg Lingar, and Plaintiff Andrew Pritt has **FOURTEEN DAYS** to file an amended complaint. Finally, Pritt's request for injunctive relief, as against Greg Lingar, is **DISMISSED**.

    **IT IS SO ORDERED** on this \_\_9th\_\_ day of January, 2017.

                                                /s/ Timothy L. Brooks
                                                TIMOTHY L. BROOKS
                                                UNITED STATES DISTRICT JUDGE